IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOBBIE UPASNA VARDAN, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>WELLS FARGO BANK, N.A., )<br>Defendant. ) | Civil No. 1:18-cv-1567 |

## MEMORANDUM OPINION

Debtor, Bobbie Upasna Vardan, appeals an order entered by United States Bankruptcy Judge Klinette Kindred on November 30, 2018, which granted Wells Fargo Bank's motion for *in rem* relief from the automatic stay (the "Second Lift Stay Order") on the Debtor's real property located at 3409 Meyer Woods Lane, Fairfax, Virginia 22033 (the "Subject Property"). In other words, Judge Kindred's order permitted Wells Fargo to foreclose on the Subject Property even if Debtor or her spouse file subsequent bankruptcies within two years after the date of the Second Lift Stay Order.

Debtor contends that the Bankruptcy Court erred in granting the Second Lift Stay Order. Specifically, Debtor alleges that her husband's prior bankruptcy filings should not be viewed as evidence of a lack of good faith in filing this bankruptcy case and that Debtor was not given an opportunity to amend or correct any perceived inadequacies in Debtor's proposed modification plan prior to dismissal of Debtor's bankruptcy case.

For the reasons that follow, the Debtor's appeal of the Second Lift Stay Order must be dismissed, as that order was rendered moot by events that occurred prior to the Second Lift Stay Order. There is, therefore, no jurisdiction to consider Debtor's appeal of the Second Lift Stay Order.

1

# I.

The following findings of fact are derived from the Bankruptcy Court's Memorandum Opinions on November 30, 2018 and February 15, 2019.

- On March 22, 2016, Dr. Sandeep Vardan, Debtor's husband, filed Case No. 16-70362 *pro se*, requesting relief under Chapter 11 of the Bankruptcy Code, in the Western District of Virginia, Roanoke Division (the "First Bankruptcy"). After the case was filed, Debtor filed a Notice of Entry of Appearance on behalf of Dr. Sandeep Vardan.

- On July 22, 2016, the U.S. Trustee filed an Emergency Motion to convert the bankruptcy to a case under Chapter 7 on the basis that Dr. Sandeep Vardan had breached his fiduciary duties as a Debtor-in-Possession.

- At the conclusion of a hearing conducted on July 28, 2016, the Bankruptcy Court found adequate cause existed to convert the case to a Chapter 7. Adequate cause existed for several reasons, which are set out in the Bankruptcy Court's November 30, 2018 Memorandum Opinion, including failure to comply with Bankruptcy Rule 4008 which requires the debtor to swear under penalty of perjury that the debtor's schedules are true and correct.

- In August 2017, the U.S. Trustee filed a Complaint to Deny Discharge in the First Bankruptcy. Rather than mounting a defense to the complaint, Dr. Sandeep Vardan, through Debtor acting as counsel, moved to waive his discharge. On August 17, 2017, the Bankruptcy Court entered an Order Approving Waiver of Discharge.

- On August 28, 2017 at 12:08 p.m., Dr. Sandeep Vardan filed Case No. 17-12912 *pro se*, requesting relief under Chapter 11 of the Bankruptcy Code, in the Eastern District of Virginia, Alexandria (the "Second Bankruptcy"). The filing of this petition caused the cancellation of a foreclosure sale of the Subject Property scheduled for later that day at 1:30 p.m.

- On September 6, 2017, the First Bankruptcy case was closed.

- On September 28, 2017, the Bankruptcy Court dismissed the Second Bankruptcy case with prejudice, preventing Dr. Sandeep Vardan from filing a bankruptcy case in any bankruptcy court in the United States for one year from the entry of the order.

- On November 13, 2017 at 12:48pm, Bobbie Upasna Vardan, Debtor, filed the instant case, Case No. 17-13848, requesting relief under Chapter 11 of the Bankruptcy Code, in the Eastern District of Virginia, Alexandria (the "Third Bankruptcy"). The filing of this petition caused the cancellation of a foreclosure sale of the Subject Property scheduled for later that day at 1:00 p.m.

- On November 17, 2017, Wells Fargo, Appellee, filed a Motion for *In Rem* Relief from the Automatic Stay at issue in this appeal.

- On May 23, 2018, the Third Bankruptcy case was dismissed without prejudice upon the Bankruptcy Court's conclusion that a feasible modification plan could not be proposed.

2

- On May 28, 2018, Debtor and her husband, Dr. Sandeep Vardan, signed a Gift Deed conveying a 20% undivided interest in the Subject Property to Dr. Suman Vardan and his wife, Asha Vardan, Debtor's parents-in-law.

- On May 30, 2018, the Bankruptcy Court granted Wells Fargo's Motion for *In Rem* Relief from the Automatic Stay (the "First Lift Stay Order").

- On September 10, 2018 at 7:51 a.m., Debtor filed a Chapter 13 petition in bankruptcy in the Eastern District of Virginia on behalf of her father-in-law, Dr. Suman Vardan (the "Fourth Bankruptcy").

- On September 10, 2018 at 8:49 a.m., the Gift Deed previously signed on May 28, 2018 was recorded in the Fairfax County Land Records.

- On September 10, 2018 at 8:56 a.m., Debtor sent a Notice of Bankruptcy Case Filing to Wells Fargo by email demanding a halt to the foreclosure of the Subject Property scheduled for that afternoon.

- On September 10, 2018 at about 1:00 p.m., Wells Fargo conducted a foreclosure sale of the Subject Property. GREI, LLC ("GREI") purchased the Subject Property at the foreclosure sale.

- On September 21, 2018, Samuel I. White, P.C., the trustee who conducted the sale, executed a "foreclosure deed" conveying the property to GREI. On September 25, 2018, the deed was recorded among the land records of Fairfax County, Virginia, at Deed Book 25545 at Page 0315.

- On November 2, 2018, this Court vacated the Bankruptcy Court's First Lift Stay Order and remanded the case to the Bankruptcy Court to establish findings of fact on the record regarding the First Lift Stay Order.

- On November 15, 2018, the Fourth Bankruptcy case was dismissed without prejudice upon the Bankruptcy Court's conclusion that the case was not filed in good faith.

- On November 30, 2018, the Bankruptcy Court again granted Wells Fargo's Motion for *In Rem* Relief from the Automatic Stay (the "Second Lift Stay Order") along with a memorandum opinion stating the findings of fact and conclusions of law supporting the Second Lift Stay Order.

- On December 14, 2018, GREI filed a Motion to Amend Findings or to Make Additional Findings of the Order Granting *In Rem* Relief from the Automatic Stay to Wells Fargo.

- On December 14, 2018, Debtor filed Notice of Appeal of the Second Lift Stay Order, the instant appeal.

- On February 15, 2019, the Bankruptcy Court granted GREI's Motion to Amend Findings or to Make Additional Findings of the Order Granting *In Rem* Relief from the Automatic Stay to Wells Fargo. The Bankruptcy Court concluded that the foreclosure sale of the Subject Property terminated any interest the Debtor may have had in the Subject Property because the First Lift Stay Order was a final order, which was neither subject to a stay pending appeal, nor vacated prior to the Subject Property being sold to GREI. In addition,

the Bankruptcy Court entered the Second Lift Stay Order *nunc pro tunc* effective May 31, 2018.

## II.

On appeal, the district court reviews the Bankruptcy Court's factual findings for clear error and its legal conclusions *de novo*. *In re Harford Sands Inc.*, 372 F.3d 637, 639 (4th Cir. 2004). A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Mosko*, 515 F.3d 319, 324 (4th Cir. 2008) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). On this record, Debtor has advanced no facts or reasons to conclude that the Bankruptcy Court's factual findings are clearly in error. Nor is there any reason or legal authority to conclude that the Bankruptcy Court has erred in its legal conclusions. Indeed, as noted below, *de novo* review confirms this.

## III.

Were it appropriate to reach the merits of this appeal, there would be no difficulty confirming that the Bankruptcy Court's Second Lift Stay Order is firmly supported by the factual record and proper under the law. To begin with, there is no doubt that the Bankruptcy Court had legal authority to grant relief from the automatic stay. The governing statute, 11 U.S.C. § 362(d)(4), makes clear that a bankruptcy court "shall grant relief" from the automatic stay to a creditor whose claim is secured by an interest in real property if, after notice and a hearing, the court finds that the filing of the bankruptcy petition was "part of a scheme to delay, hinder, or defraud creditors that involved...multiple bankruptcy filings affecting such real property." 11 U.S.C. § 362(d)(4)(B).

Precisely this occurred here, as the record clearly confirms. Indeed, the record reflects that the Bankruptcy Court correctly concluded that the Debtor knew that the filing of the four

bankruptcy petitions by various family members "would result in an undue delay to the mortgage creditor" and that these "filings were made for the specific purpose of causing such delay." *In re Vardan*, No. 17-13848-KHK, 2018 WL 6287984, at *8 (Bankr. E.D. Va. Nov. 30, 2018), *amended*, No. 17-13848-KHK, 2019 WL 654764 (Bankr. E.D. Va. Feb. 15, 2019). In other words, the Bankruptcy Court concluded that the Debtor's and her family's actions "represent the very behavior that § 362(d)(4) was enacted to prevent." *Id.* at *7. Settled authority firmly confirms this result.[1]

## IV.

Although this conclusion is sufficient to dispose of the merits of this appeal, there is an insurmountable obstacle that precludes reaching the merits, namely mootness. In essence, the foreclosure sale of the Subject Property occurred on September 10, 2018, while the First Lift Stay Order was in effect. Accordingly, at the time of the sale of the Subject Property, there was no stay in place, nor was there any motion to stay the effect of the First Lift Stay Order. Thus, because the sale of the Subject Property was concluded and consummated before the First Lift Stay Order was vacated and well before the entry of the Second Lift Stay Order, the Second Lift Stay Order has no effect on the validity of the sale. It was rendered moot by virtue of the sale of the Subject Property, which took place while no stay was in effect and before the entry of the Second Lift Stay

---

[1] *Maines v. Wilmington Sav. Fund Soc'y*, 2016 WL 3661577, at *4 (W.D. Va. July 1, 2016) (holding evidence of three previous bankruptcy case filings sufficient to justify bankruptcy court's granting of relief under § 362(d)(4)); *In re Johnson*, 2008 WL 183342 (Bankr. E.D. Va. Jan. 18, 2008) (finding multiple, strategically timed bankruptcy filings can be a basis for inference of debtor's intent to hinder, delay, and defraud); *In re Modera*, 2008 WL 351446, at *5 (Bankr. E.D. Pa. Feb. 7, 2008) (imputing conduct of debtor's wife in her prior case against debtor in finding debtor's case was filed in bad faith); *In re Selinsky*, 365 B.R. 260, 264 (Bankr. S.D. Fla. 2007) (finding three bankruptcies cases filed by wife and two bankruptcy cases filed by husband over five years sufficient to establish a scheme to defraud); *In re Kenny*, 51 B.R. 840, 845–46 (Bankr. C.D. Cal. 1985) (considering eight bankruptcies filed by five different adult family members to thwart efforts to foreclose on a jointly owned property as a 'scheme' of bad faith acts by one entity); *see also In re Wiencko*, 99 Fed. Appx. 466, 469 (4th Cir. 2004) (holding that bankruptcy courts have the discretion to annul the automatic stay retroactively for cause) (citing *In re Kissinger*, 72 F.3d 107, 108–09 (9th Cir. 1995)).

Order. Thus, the Second Lift Stay Order was essentially rendered moot by these events.

Nor is the mootness of the Second Lift Stay Order inconsequential. Article III limits the jurisdiction of federal courts to actual "Cases" or "Controversies." *See* U.S. Const. art. III, § 2, cl. 1. A federal court "may not assume jurisdiction for the purpose of deciding the merits of the case." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007). As the Fourth Circuit has stated, "mootness goes to the heart of Article III jurisdiction of the courts." *Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 228 (4th Cir. 1997). An issue is rendered moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. *See Christian Coal. Of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011).

Where, as here, a debtor fails to obtain the stay of an order granting a creditor relief from the automatic stay pending appeal of the order, a completed foreclosure and sale of the property will render any appeal of a subsequent lift stay order moot. *See Mitchell, Taylor & Eldredge v. Dominion Bank, Nat. Ass'n*, 1994 WL 233364, at *1 (4th Cir. 1994) (holding debtor's appeal of a bankruptcy court order rendered moot when the debtor had not obtained a stay on foreclosure and the property was sold at a foreclosure sale); *see also In re March*, 988 F.2d 498, 499 (4th Cir. 1993) (finding that foreclosure by a third party on property in which debtor had a junior lien rendered moot the debtor's appeal of bankruptcy court's order sustaining third party's right to foreclose), *cert. denied*, 114 S.Ct. 182 (1993); *In re Abingdon Realty Corp*, 530 F.2d 588, 590 (4th Cir. 1976) (holding that the sale of debtor's property rendered moot the debtor's appeal challenging bankruptcy court's authorization of the sale).[2]

---

[2] *See also In Re Meus*, 718 Fed. Appx. 937, 941 (11th Cir. 2018) (finding the court powerless to rescind a completed sale on appeal when a debtor fails to obtain a stay pending appeal of an order granting a creditor relief from the automatic stay); *In re Sullivan Cent. Plaza, I, Ltd.*, 914 F.2d 731, 733 (5th Cir. 1990) (holding that if the debtor fails to obtain a stay, and if the property is sold in the interim, the district court will be unable to grant any relief); *In re Mann*, 907 F.2d 923, 926 (9th Cir. 1990) (finding a debtor's failure to obtain a stay normally renders the appeal moot even when the purchaser knows of the pendency of the appeal); *In re Van Iperen*, 819 F.2d 189, 191 (8th Cir.

Here, GREI purchased the Subject Property at a foreclosure sale on September 10, 2018. At that time, the First Lift Stay Order was in effect, and the Debtor had not requested a stay pending Debtor's appeal of the First Lift Stay Order. Since no stay of the effectiveness of Judge Kindred's First Lift Stay Order was sought and the foreclosure sale was then consummated before the entry of the Second Lift Stay Order, any appeal of the Second Lift Stay Order was rendered moot by those events, given that the only purpose of the appeal of the Second Lift Stay Order was to attempt to block or reverse the sale of the Subject Property.[3]

An appropriate Order shall issue.

Alexandria, Virginia
September 10, 2019

T. S. Ellis, III
United States District Judge

---

1987) (same); *In re Sewanee Land, Coal & Cattle, Inc.*, 735 F.2d 1294, 1295–96 (11th Cir. 1984) (same).

[3] GREI has also filed a Motion to Supplement Record with a copy of a Memorandum of Lis Pendens filed by Debtor on May 6, 2019. As the Memorandum of Lis Pendens was filed well after the foreclosure sale, the Memorandum of Lis Pendens does not rescue the appeal from mootness.

7